Filed 11/15/24  Aldaco v. York Enterprises South CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

<table>
<tr><td>

MARTHA ALDACO et al.,

    Plaintiffs and Appellants,

v.

YORK ENTERPRISES SOUTH, INC. et al.,

    Defendants and Respondents.

</td><td>

E080850

(Super.Ct.No. CIVDS2011352)

OPINION

</td></tr>
</table>

APPEAL from the Superior Court of San Bernardino County.  Janet M. Frangie, Judge.  Affirmed.

Knight Law Group, Roger Kirnos, Amy-Lyn Morse; Greines, Martin, Stein & Richland, Cynthia E. Tobisman, Joseph V. Bui, Rachel A. Beyda, and Kent W. Toland for Plaintiffs and Appellants.

Horvitz & Levy, Lisa Perrochet, Shane H. McKenzie; Mortenson Taggart Adams, Craig A. Taggart, and Michael Donn Mortenson for Defendants and Respondents.

1

Martha Aldaco and Nayeli Hernandez sued Ford Motor Company (Ford) for violations of the Song-Beverly Consumer Warranty Act (the Act). (Civ. Code, § 1790 et seq.; unlabeled statutory citations refer to this code.) Plaintiffs primarily allege that Ford failed to comply with the Act's special remedial provisions after plaintiffs' used Ford Explorer could not be repaired. Specifically, the Act "requires a manufacturer to replace a defective 'new motor vehicle' or make restitution if, after a reasonable number of attempts, the manufacturer (or its representative) is unable to repair the vehicle to conform to the applicable express warranty." (*Rodriguez v. FCA US, LLC* (2022) 77 Cal.App.5th 209, 214 (*Rodriguez I*).) That remedy is "commonly called the 'refund-or-replace' provision." (*Ibid.*)

The trial court granted Ford's motion for judgment on the pleadings, relying on this court's decision in *Rodriguez I*. In that case, we held that a used car like plaintiffs' is not a new motor vehicle for purposes of the Act's refund-or-replace provision (*Rodriguez I*, *supra*, 77 Cal.App.5th at pp. 214-215), and our Supreme Court recently affirmed that decision. (*Rodriguez v. FCA US, LLC* (Oct. 31, 2024, S274625) __ Cal.5th __ [2024 Cal. LEXIS 6016, at pp. *4, 25] (*Rodriguez II*).) In light of *Rodriguez II*, we affirm.

## BACKGROUND

I.     *The complaint*

According to the allegations of the complaint, plaintiffs bought a used 2018 Ford Explorer in August 2019. They purchased the car from Surf City Auto Group with 37,812 miles on the odometer. The Explorer came with express, written warranties from Ford, as well as implied warranties of fitness and merchantability. The car was delivered

2

to plaintiffs with serious defects and nonconformities that manifested during the express warranty period. Plaintiffs took the car to an authorized Ford service representative, and Ford was unable to conform the car to the express warranty after a reasonable number of repair attempts. Ford also did not promptly replace the car or make restitution in accordance with the Act.

On the basis of the foregoing allegations, the complaint alleges three causes of action under the Act: breach of express warranty, breach of implied warranty, and violation of section 1793.2 (the refund-or-replace provision). The complaint also alleges a fourth cause of action for negligent repair against the authorized Ford service representative, York Enterprises South Inc. That cause of action is not involved in this appeal; the three causes of action at issue are alleged solely against Ford.

II.     *Ford's motion for judgment on the pleadings*

The Act's refund-or-replace provision for motor vehicles applies to "a new motor vehicle, as that term is defined in paragraph (2) of subdivision (e) of Section 1793.22." (§ 1793.2, subd. (d)(2).) Under section 1793.22, subdivision (e)(2), a "'[n]ew motor vehicle' includes . . . a dealer-owned vehicle and a 'demonstrator' or other motor vehicle sold with a manufacturer's new car warranty." In *Rodriguez I*, we held that the phrase "'other motor vehicle sold with a manufacturer's new car warranty'" does not cover "sales of previously owned vehicles with some balance remaining on the manufacturer's express warranty." (*Rodriguez I*, *supra*, 77 Cal.App.5th at p. 215.) Rather, the phrase refers to "essentially new" cars sold with a full manufacturer's warranty. (*Id.* at pp. 215, 225.)

3

We decided *Rodriguez I* in April 2022.  (*Rodriguez I*, *supra*, 77 Cal.App.5th at p. 209.)  In May 2022, Ford moved for judgment on the pleadings as to all three causes of action against it, arguing that *Rodriguez I* barred the causes of action as a matter of law.  Ford further argued that the Act did not permit implied warranty claims concerning used vehicles against the manufacturer.  Plaintiffs' opposition argued that *Rodriguez I* was wrongly decided and urged the trial court not to follow it.

The court ruled that *Rodriguez I* barred the causes of action against Ford and granted the motion for judgment on the pleadings.  The court granted plaintiffs leave to amend so that they could allege claims under the Commercial Code.

Plaintiffs apparently filed a first amended complaint, which is not part of the record on appeal.  The court sustained Ford's demurrer to the first amended complaint with leave to amend.  Plaintiffs later agreed to dismiss their claims against Ford with prejudice.  The court entered judgment in favor of Ford and against plaintiffs.

STANDARD OF REVIEW

We apply de novo review to the court's order granting the motion for judgment on the pleadings.  (*Gerawan Farming, Inc. v. Lyons* (2000) 24 Cal.4th 468, 515.)  A motion for judgment on the pleadings "is equivalent to a demurrer and is governed by the same standard of review."  (*Pang v. Beverly Hospital, Inc.* (2000) 79 Cal.App.4th 986, 989 (*Pang*).)  The moving defendant must show that the complaint fails to state facts sufficient to constitute a cause of action.  (Code Civ. Proc., § 438, subd. (c)(1)(B)(ii).)  We accept as true all properly pled material facts but not contentions, deductions, or

4

conclusions of fact or law. (*Pang*, at p. 989.) We affirm the judgment "if it is proper on any grounds raised in the motion even if the court did not rely on those grounds." (*Ibid.*)

DISCUSSION

I.      *Express warranty claims*

Plaintiffs argue that the court erred by granting judgment on the pleadings with respect to the causes of action for breach of express warranty and violation of section 1793.2. We disagree.

Under section 1793.2, subdivision (d)(2), a manufacturer or its representative must service or repair a "new motor vehicle" so that the vehicle conforms to the express warranty. If the manufacturer or its representative is unable to do so after a reasonable number of attempts, then the manufacturer shall promptly replace the new motor vehicle or make restitution to the buyer. (§ 1793.2, subd. (d)(2).) The definition of new motor vehicle for those purposes includes "a dealer-owned vehicle and a 'demonstrator' or other motor vehicle sold with a manufacturer's new car warranty . . . . A demonstrator is a vehicle assigned by a dealer for the purpose of demonstrating qualities and characteristics common to vehicles of the same or similar model and type." (§ 1793.22, subd. (e)(2).)

The text of the statute thus makes clear that dealer-owned vehicles and demonstrators qualify as new motor vehicles for purposes of the refund-or-replace provision. (*Rodriguez II*, *supra*, 2024 Cal. LEXIS 6016, at p. *8.) "'What makes these vehicles unique is that even though they aren't technically new, manufacturers (or their dealer-representatives) treat them as such upon sale by providing the same type of manufacturer's warranty that accompany new cars.' [Citation.] In other words, they are

5

vehicles for which a new car warranty 'was *issued with* the sale.'" (*Ibid.*) "[T]he phrase 'other motor vehicle sold with a manufacturer's new car warranty' is most naturally understood to mean other vehicles for which such a warranty is issued with the sale." (*Id.* at p. *11.) Accordingly, that phrase does not apply to used cars "purchased with an unexpired manufacturer's new car warranty" unless that new car warranty was issued with the sale of the used car. (*Id.* at p. *4.) "[I]f the Legislature had intended to define '"new motor vehicle" to include a potentially vast category of used cars' with unexpired new car warranties, 'it would have been done so more clearly and explicitly than tucking it into a reference to demonstrators and dealer-owned vehicles.'" (*Id.* at pp. *10-11.)

In *Rodriguez II*, our Supreme Court interpreted the definition of new motor vehicle in the foregoing manner. The court thus affirmed our decision that the Act's refund-or-replace provision did not cover the plaintiffs' used Dodge Ram, which had a balance remaining on the original five-year/100,000-mile limited powertrain warranty when the plaintiffs bought the car. (*Rodriguez II*, *supra*, 2024 Cal. LEXIS 6016, at pp. *4-5.)

Like the used Dodge Ram in *Rodriguez II*, plaintiffs' used Ford Explorer does not qualify as a new motor vehicle for purposes of the refund-or-replace provision of the Act. The complaint does not allege that Ford issued a new car warranty with the sale of the Ford Explorer to plaintiffs. The circumstance that the car may have had a balance remaining on an unexpired new car warranty did not render it a new motor vehicle for purposes of the refund-or-replace provision. The trial court therefore did not err by

6

granting Ford's motion for judgment on the pleadings on the express warranty and section 1793.2 causes of action.[1]

## II.    *Implied warranty claim*

Plaintiffs argue that the court erred by granting judgment on the pleadings on the implied warranty cause of action.  They assert that the meaning of "new motor vehicle" in the refund-or-replace provision is irrelevant (§§ 1793.2, subd. (d)(2), 1793.22, subd. (e)(2)), because that provision concerns only express warranties, not implied warranties.  It is true that the refund-or-replace provision does not expressly concern implied warranties, but it does not follow that the trial court erred.

The Act provides for manufacturers' implied warranties of merchantability and fitness when "consumer goods" are sold at retail.  (§§ 1792, 1792.1.)  "'Consumer goods' means any new product or part thereof that is used, bought, or leased for use primarily for personal, family, or household purposes, except for clothing and consumables."  (§ 1791, subd. (a).)  Those implied warranties have a maximum duration of "one year following the sale of new consumer goods to a retail buyer."  (§ 1791.1, subd. (c).)  The one-year

---

[1]    Plaintiffs filed two motions for judicial notice.  The first motion seeks judicial notice of legislative history materials and the briefs on appeal in *Rodriguez I*.  The second motion seeks judicial notice of appellate briefs in a case that *Rodriguez I* and *Rodriguez II* discussed and distinguished, *Jensen v. BMW of North America, Inc.* (1995) 35 Cal.App.4th 112 (*Rodriguez I*, *supra*, 77 Cal.App.5th at pp. 223-224; *Rodriguez II*, *supra*, 2024 Cal. LEXIS 6016, at pp. *6, 22-23), and more legislative history materials.  Ford also filed a motion for judicial notice.  Ford's motion seeks judicial notice of legislative history materials, former sections of the Vehicle Code, two publications authored by the Department of Consumer Affairs, one of the appellate briefs in *Jensen*, and the CARFAX ownership history report for plaintiffs' Ford Explorer.  We deny all three motions for judicial notice because the materials are unnecessary to our resolution of this appeal. (*County of San Diego v. State of California* (2008) 164 Cal.App.4th 580, 613, fn. 29.)

implied warranties binding manufacturers thus apply only to sales of new goods, not used goods like plaintiffs' used Ford Explorer.  (*Rodriguez I*, *supra*, 77 Cal.App.5th at p. 218.)

The Act "'provides similar remedies in the context of the sale of used goods, except that the manufacturer is generally off the hook.'"  (*Rodriguez II*, *supra*, 2024 Cal. LEXIS 6016, at p. *14.)  Instead, "'in the sale of used consumer goods, liability for breach of implied warranty *lies with distributors and retailers*, not the manufacturer,' unless the manufacturer issues a new warranty along with the sale of the used good."  (*Rodriguez I*, *supra*, 77 Cal.App.5th at p. 218.)  The implied warranties binding distributors and retailers of used consumer goods "are shorter than the implied warranties for new products; their maximum duration is three months."  (*Ibid.*, citing § 1795.5, subd. (c).)

"It is evident from these provisions that only distributors or sellers of *used* goods—not manufacturers of *new* goods—have implied warranty obligations in the sale of *used goods*."  (*Ruiz Nunez v. FCA US LLC* (2021) 61 Cal.App.5th 385, 399; accord, *Victorino v. FCA US LLC* (S.D. Cal. 2018) 326 F.R.D. 282, 300 [the Act imposes implied warranty obligations for used goods on the distributor or retail seller of the used good "and 'not the original manufacturer, distributor, or retail seller'"]; *Johnson v. Nissan North America, Inc.* (N.D. Cal. 2017) 272 F.Supp.3d 1168, 1179 [the Act does not impose any implied warranty obligations on the original car manufacturer with respect to used goods].)  According to the complaint, plaintiffs bought their used car from Surf City Auto Group, not Ford.  Surf City Auto Group may owe plaintiffs implied warranty obligations, but there is no allegation that Ford was the "distributor or retail seller of [the]

8

used" good such that Ford owed plaintiffs implied warranty obligations. (§ 1795.5.) The court therefore did not err by granting Ford's motion for judgment on the pleadings on the implied warranty claim.

Plaintiffs contend that the court erred because its order relied only on *Rodriguez I*'s interpretation of "new motor vehicle," which does not concern implied warranties. But Ford's moving papers argued that "implied warranty claims concerning used vehicles cannot be brought against the original manufacturer under" the Act, and its papers cited relevant authorities for that proposition. We may affirm on any proper "grounds raised in the motion even if the court did not rely on those grounds" in its order. (*Pang*, *supra*, 79 Cal.App.4th at p. 989.) The court's failure to address the implied warranty authorities in its order thus does not show that the court erred.

## DISPOSITION

The judgment is affirmed. Ford shall recover its costs of appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

McKINSTER
Acting P. J.

MILLER
J.

9